IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAKIA LEVESQUE, | : |
| | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : |
| | : |
| GENERAL MILLS OPERATIONS, LLC, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff is seeking leave to amend the complaint to add a Title VII claim in separate class action litigation in which she is a named plaintiff and which is pending in this Court, Case No. 1:24-cv-02409-MLB-JKK. (*See* Docs. 20 & 20-1.) To preserve all rights related to her Title VII race discrimination claims, Plaintiff files this Complaint.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protections of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original

jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States.

2.

Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII").

3.

Pursuant to 28 U.S.C. § 1391(b), § 1391(c), and N.D. Ga. L.R. 3.1, the Atlanta Division of this Court is the proper venue for Plaintiff's claims because Defendant is subject to this Court's personal jurisdiction, 28 U.S.C. § 1391(c)(2), and a substantial part of the events or omissions giving rise to the claim occurred within the Atlanta Division of this Court. *See also* N.D. Ga. L.R. 3.1(B)(1)(a) and 3.1(B)(3).

## PARTIES

4.

Plaintiff is a Black female and a former employee of Defendant who worked at General Mills' manufacturing facility in Covington, Georgia, before working in a remote position before her termination in June 2024.

5.

Plaintiff is a citizen of the United States and resident of the State of Georgia; she submits herself to the jurisdiction of this Court.

6.

General Mills Operations, LLC ("Defendant" or "General Mills"), is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota, and was properly served by personal service of process upon its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

## ADMINISTRATIVE PROCEEDINGS

7.

Defendant is a covered employer under Title VII.

8.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

9.

The EEOC issued Plaintiff a Notice of the Right to Sue against Defendant, and this lawsuit was timely filed thereafter.

10.

Plaintiff made a good faith effort to comply with EEOC regulations and applicable law and to provide all relevant, specific information available.

11.

All conditions precedent to jurisdiction under Title VII have been satisfied.

12.

All administrative prerequisites for filing suit on Plaintiff's claims have been satisfied.

13.

This suit is timely, appropriate, and valid in all respects.

## STATEMENT OF FACTS

14.

Rakia Levesque, a 32-year-old Black woman, started her career with General Mills after graduating from the Ohio State University. After beginning her career, she received two General Mills Certifications in Supply Chain Management from Michigan State University and in the Accelerations Management Program that was intended by General Mills to groom managers.

15.

After being transferred to General Mills' Covington Plant, she was moved into a Processing Lead role. From the time she started at Covington until she left Covington in 2021, she was consistently harassed by Phil Thompson, the white

East Plant Operations Manager, along with Greg Cantrell and Jack Gilliam, two white males who had supervisory roles over her.  All of these white males are in the Good Ole Boys.  She was told by one or more of these Good Ole Boys members that she was filling out her thighs nicely, was asked how she could afford college or a house, and, on one occasion, Jack Gilliam reached over, touched her hair, and flipped her bangs after she dyed her hair blond inquiring about the number of times she dyed it, changed it from short to long, etc.  She complained to HR about these and other racist actions and comments by these individuals.

16.

In 2020, she complained to Thompson, her white boss, about rumors from the floor that she was having sex with a temp Black male employee.  His response was "well, are you?"  She again complained to HR.

17.

After these racially motivated incidents, she applied for two separate posted promotions for platform lead roles in July 2020 for the B & C Systems in the East Plant.  Roxie Simon, the white female Plant Manager, and Thompsom interviewed her.  She was more than qualified for the roles, but the roles were awarded to less-qualified male candidates who did not even have college degrees.  When she cried

5

about this situation to Simon, Simon told her that she had no place at Covington, and that she should look elsewhere for advancement.

18.

After Covington, she moved to General Mills' facility in Belvidere, Illinois, then, later, had a corporate remote role. From her time at Covington through June 7, 2024, she was given all meets and exceeds marks on her performance reviews. She joined a social group with other GM female employees and executives that was a female mentoring circle.

19.

On June 2, 2024, she found out about the above-captioned class action lawsuit and found a copy of it. She sent it to some in her mentoring group, including Renee Neal, who wrote in a chat to the other ladies, "oh my God, I have so many stories about that place." Levesque indicated that she too had actual personal stories about the Covington facility that she struggled with.

20.

The next morning, she received a Teams meeting invite from Katie Holman, a General Mills' corporate Vice President, while on approved vacation. Levesque's supervisor, Alyce Dreyer, told her not to miss the meeting. At the meeting, she was told that General Mills was going to part ways with her and offered her a

severance package. Levesque turned this package down. Levesque asked why she was being fired and the individuals on the Team meeting could not give her an answer.

21.

Approximately six days later, she was told that she was being terminated because of trust and integrity issues.

22.

At this point, Ms. Levesque, a woman who worked hard to get a college degree and was awarded a full ride and who tried to rise above and beyond at General Mills, has been reduced to receiving unemployment and is likely unemployable as a result of her termination. White General Mills employees, unlike Levesque, are allowed to talk about the Class Action lawsuit, to share it amongst themselves, to taunt the Black named Plaintiffs in the class action lawsuit, and to talk, chat, and email about the allegations therein, but yet these white individuals have not been terminated. Her termination was racially based, based on the fact that she had complained about the racist behavior of her white supervisors in Covington, and based on the fact that she could provide evidence to support the allegations contained in this class action lawsuit.

## COUNT ONE

Title VII:  Disparate Treatment/Discrimination

23.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

24.

Plaintiff is a member of a class protected by Title VII.

25.

Defendant is a covered employer under Title VII.

26.

Plaintiff was qualified for the job that she was performing at the time she was terminated.

27.

Plaintiff suffered an adverse employment action despite being qualified for her position.

28.

Plaintiff was treated less favorably than similarly situated employees outside of her protected class.

29.

Plaintiff's race was a motivating factor for the adverse employment actions taken against her.

30.

Plaintiff asserts a disparate treatment claim pursuant to Title VII.

31.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## **COUNT TWO**

Title VII:  Retaliation

32.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

33.

Plaintiff is a member of a class protected by Title VII.

34.

Defendant is a covered employer under Title VII.

35.

Plaintiff engaged in a protected activity when she shared the class action complaint in a work group chat.

36.

In retaliation for Plaintiff's protected activity, Defendant took materially adverse actions against her, including termination.

37.

Plaintiff's protected activity under Title VII was a motivating factor for the adverse employment action taken against her.

38.

Plaintiff asserts a retaliation claim pursuant to Title VII.

39.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a)  Declaratory judgment that the systemic pattern and practice of racially hostile and discriminatory employment practices that, over 30 years, made advancement at the Covington facility futile and

        caused catastrophic harm to Plaintiff's career in violation of his Title VII rights;

(b) Temporary and permanent injunctive relief, along with this Court's oversight for a reasonable duration, disbanding the Good Ole Boys, holding racist decisionmakers accountable, and implementing lawful employment practices that give Black employees the full benefit of employment at General Mills;

(c) Reinstatement of Plaintiff;

(d) Full amount of financial losses caused to Plaintiff as a result of the racist employment practices at the Covington facility;

(e) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(f) Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(g) Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct

toward Plaintiff and deter Defendant from similar conduct in the future;

(h) Judgment against Defendant for damages incurred by Plaintiff;

(i) Judgment against Defendant in an amount to fully and adequately compensate Plaintiff;

(j) An award of pre-judgment and post-judgment interest;

(k) A trial by jury on all issues triable to a jury; and

(l) Other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of December 2024.

By: /s/ Douglas H. Dean
Georgia Bar No. 130988
Attorney for Plaintiff
Dean Thaxton, LLC
601 E. 14th Avenue (31015)
Post Office Box 5005
Cordele, Georgia 31010
T: (229) 271-9323
F: (229) 271-9324
E: *doug@deanthaxton.law*

*Signatures continued on following page.*

13

        By:    /s/ Linda G. Carpenter
               Georgia Bar No. 111285
               Attorney for Plaintiff
               The Brosnahan Law Firm
               31 Lenox Pointe, NE
               Atlanta, GA 30324
               T: (404) 853-8964
               F: (678) 904-6391
               E: *lgc@brosnahan-law.com*

13